that it was essential that defendant have an opportunity of denying the truth of the conversations. *Held*, that defendant was entitled to the issuance of a commission to take the testimony of the absent witness, where the only delay would be an adjournment for a few weeks.

Appeal from Special Term, New York County.

Action by the Mercantile National Bank of the City of New York against Henry B. Sire. From an order denying a motion for a commission, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Franklin Bien, for appellant.

Albert S. Ridley, for respondent.

---

(100 App. Div. 491)

MERCANTILE NAT. BANK OF CITY OF NEW YORK v. SIRE.

(Supreme Court, Appellate Division, First Department. January 6, 1905.)

1. TRIAL—STIPULATION—TIME FOR FILING BRIEF—BREACH—RIGHTS OF PARTY.

A stipulation was entered into at the close of the evidence in an action tried before a referee that the attorney for the defendant might have a certain time within which to deliver his brief to the referee, but the stipulation was not brought to the attention of the referee, who filed his report prior to the time within which defendant, under the stipulation, might file his brief. The attorneys for plaintiff, two days later, and before the expiration of such time, entered a judgment on the referee's report, with knowledge that the referee had not received the brief of the attorney for defendant. *Held*, that defendant was entitled to have the case referred back to the referee, with direction to consider defendant's brief and make a new report.

Appeal from Special Term, New York County.

Action by the Mercantile National Bank of the City of New York against Henry B. Sire. From an order denying defendant's motion to vacate a judgment entered on report of referee, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Franklin Bien, for appellant.

Albert S. Ridley, for respondent.

LAUGHLIN, J. After the close of the evidence on August 26, 1903, the attorneys for the plaintiff stipulated in writing that the attorney for the defendant might have until the 7th of October, 1904, within which to deliver his brief to the referee to whom the issues were referred to hear, try, and determine. This stipulation was not brought to the attention of the referee, who signed and filed his report on the 26th day of September. Two days later, the attorneys for the plaintiff, with knowledge that the referee had not received the brief of the attorney for the defendant, and that the latter desired to submit a brief, entered judgment upon the report, and served notice of entry and notice of retaxation of costs. The consent of the referee should have been obtained for the extension of time to file the brief, and the referee was not at fault in making and filing his report; but it is evident that the defendant has been deprived of his day in court. Although this was principally owing to the neglect of his attorney to consult the referee with reference to the extension, yet the plaintiff should not be permitted to take advantage of the failure of the attorney for the defendant to inform the referee and obtain his approval of the extension of time to file the brief. We are of opinion, therefore, that the case should have been referred back to the referee to examine the record and make a report after considering the brief of the defendant, which was in fact filed within the time prescribed therefor by the stipulation.

It follows that the order should be reversed, with $10 costs and disbursements of the appeal to abide the event, and motion granted to the extent of referring the case back to the referee with directions to receive and consider the defendant's brief and make a new report, without costs of the motion to either party. All concur.